

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

VDR/PL AGR
2023R00377

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

**RECEIVED**

**JUL 16 2025**

AT 8:30_____M

CLERK, U.S. DISTRICT COURT - DNJ

April 7, 2025

Bruno C. Bier
Law Office of Bruno C. Bier, PLLC
1270 Broadway, Room 803
New York, NY 10001

Criminal Number: 25-455-01 (MAS)

Re:   <u>Plea Agreement with Dion Chow-Yuk</u>

Dear Mr. Bier:

      This letter sets forth the plea agreement between your client, Dion Chow-Yuk ("Chow-Yuk"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 1, 2025, if it is not accepted in writing by that date. If Chow-Yuk does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Chow-Yuk to a two-count Information, which charges Chow-Yuk with: (1) conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846; and (2) on or about March 27, 2024, in Essex County, in the District of New Jersey and elsewhere, distributing, and possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). If Chow-Yuk enters a guilty plea and is sentenced on these charges, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Chow-Yuk for conspiring to distribute, distributing, or possessing with intent to distribute controlled substances on or about March 27, 2024, in Essex County, in the District of New Jersey and elsewhere.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Chow-Yuk even if the applicable statute of limitations period for those charges expires after Chow-Yuk signs this agreement, and Chow-Yuk agrees not to assert that any such charges are time-barred.

Sentencing

Counts One and Two of the Information, charging violations of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), respectively, each carry a mandatory minimum sentence of 5 years' imprisonment, a statutory maximum sentence of 40 years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $5,000,000, (2) twice the gross profits or other proceeds to Chow-Yuk, or (3) twice the gross loss to someone other than Chow-Yuk. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Chow-Yuk is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Chow-Yuk ultimately will receive.

Further, in addition to imposing any other penalty on Chow-Yuk, the sentencing judge as part of the sentence:

(1) will order Chow-Yuk to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may deny Chow-Yuk certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(3) pursuant to 21 U.S.C. § 841, must require Chow-Yuk to serve a term of supervised release of not more than five years per count, which will begin at the expiration of any term of imprisonment imposed. Should Chow-Yuk be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Chow-Yuk may be sentenced to not more than three years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment

set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Chow-Yuk by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Chow-Yuk's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Chow-Yuk will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Chow-Yuk waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Chow-Yuk understands that, if Chow-Yuk is not a citizen of the United States, Chow-Yuk's guilty plea to the charged offenses will likely result in Chow-Yuk being subject to immigration proceedings and removed from the United States by making Chow-Yuk deportable, excludable, or inadmissible, or ending Chow-Yuk's naturalization. Chow-Yuk understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Chow-Yuk wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Chow-Yuk's removal from the United States. Chow-Yuk understands that Chow-Yuk is bound by this guilty plea regardless of any immigration consequences. Accordingly, Chow-Yuk waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Chow-Yuk also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Chow-Yuk. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Chow-Yuk from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the entire plea agreement between Chow-Yuk and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
UNITED STATES ATTORNEY

*Vincent D. Romano*

By:   Vincent D. Romano
      Assistant U.S. Attorney

APPROVED:

*Joyce M. Malliet*

Joyce M. Malliet
Chief, National Security Unit

     I have received this letter from my attorney, Bruno C. Bier, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____             Date: 05/10/2025
Dion Chow-Yuk


     I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____             Date: 5/16/25
Bruno C. Bier, Esq.
Counsel for Defendant Dion Chow-Yuk

<u>Plea Agreement with Dion Chow-Yuk</u>

<u>Schedule A</u>

1.    This Office and Dion Chow-Yuk ("Chow-Yuk") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.    The version of the Guidelines effective November 1, 2024 applies in this case.

3.    The applicable guideline is U.S.S.G. § 2D1.1(a)(5). Pursuant to U.S.S.G. § 2D1.1(c)(7), the Base Offense Level is 26 because the charged offenses, including relevant conduct, involved at least 2 kilograms but less than 3.5 kilograms of cocaine.

4.    Counts One and Two group pursuant to U.S.S.G. § 3D1.2(d).

5.    As of the date of this letter, Chow-Yuk has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Chow-Yuk's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6.    As of the date of this letter, Chow-Yuk has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Chow-Yuk's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Chow-Yuk enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Chow-Yuk's acceptance of responsibility has continued through the date of sentencing and Chow-Yuk therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Chow-Yuk's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7.    Accordingly, the parties agree that the total offense applicable to Defendant is 23 (the "Total Offense Level").

8.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

9. If the term of imprisonment does not exceed 63 months, and except as specified in the next paragraph below, Chow-Yuk will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 60 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

10. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a) Any proceeding to revoke the term of supervised release.

    (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).